McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
ROSS PEARSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00002-NONE |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE TRIAL DATE, VACATE CURRENT MOTIONS IN LIMINE SCHEDULE, AND SET STATUS CONFERENCE; FINDINGS AND ORDER |
| v. | |
| ISRAEL RIVAS-GOMEZ AND JOHN DOE AKA MARCOS CASTRO, | Current Trial Date: October 20, 2020 |
| Defendants. | |

**STIPULATION**

1. By previous order, this matter was set for trial on October 20, 2020 (Dkt.69).

2. By this stipulation, the parties now jointly request to continue the trial of this matter until May 11, 2021, and to exclude time between October 20, 2020, and May 11, 2021, under the Speedy Trial Act (18 U.S.C. § 3161) and Local Rule 479, and Local Codes E, T2, and T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that its disclosure associated with this case includes over 1,000 agency reports and related documents, which total over 20,000 pages; over 130 device extraction reports; over 4,900 photos; over 130 audio and video files; over 14 TB of pole camera footage for 6 locations and 8 cameras; 189 Facebook subpoena returns, over 60 GB of wire data for 31 target telephones and 22 Facebook messenger accounts. All of this discovery

1

has been either produced directly to counsel and/or made available for inspection and copying. Defendant Castro has also filed a motion for discovery, which may lead to additional discovery being produced.

      b)     Counsel for defendants desire additional time to review the discovery, prepare additional necessary pretrial motions and motions *in limine*, investigate possible defenses and mitigation, and prepare for evidentiary hearings and trial.

      c)     For instance, due to litigation regarding a protective order, counsel for Rivas-Gomez only recently received several thousands of pages of disclosure, which counsel need to review and discuss with their client, then follow up with continued investigation. The Federal Defender directed her office to postpone in-person in-custody client meetings and in person investigation due to safety concerns surrounding the COVID pandemic. Rivas Gomez's trial team needs more time to review the disclosure with the defendant and to conduct investigations than was earlier anticipated.

      d)     In addition, counsel for Castro requests additional time in part to conduct interviews with potential witnesses in El Salvador, which is currently difficult—if not impossible—due to COVID-related risks and travel restrictions. Additional time is therefore needed for counsel to adequately investigate and prepare for trial.

      e)     Counsel for defendants believe that failure to grant the above-requested continuance will deny them the reasonable time necessary for effective preparation, taking into account their exercise of due diligence.

      f)     The government does not object to the continuance.

      g)     Based on the above-stated findings, the ends of justice are served by continuing the case as requested and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 20, 2020 to May 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(D) and (7)(B)(ii) and (iv) [Local Codes E, T2, and T4] because it results from a continuance granted by the Court at

defendant's request

    i)    excluding time for pretrial motions,

    j)    that this case has already been declared complex, and

    k)    counsel need reasonable time to prepare,

supporting the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5.    In addition, the parties stipulate to vacate the current motions *in limine* filing deadlines and set a status conference in this matter for October 19, 2020, at which time the parties will be prepared to set a pretrial schedule based on the new May 11, 2021 trial date.

6.    This stipulation only applies to the trial date and the briefing schedule for Motions in Limine. It does not affect the briefing schedule or hearing date for the pending pretrial motions. That hearing is currently set for August 17, 2020, at 1:30 p.m.[1]

IT IS SO STIPULATED.

Dated: June 29, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney

---

[1] Defendant Castro has also filed a Motion for Leave to File Additional Pretrial Motions. Nothing in this stipulation affects Defendant Castro's Motion for Leave to File Additional Pretrial Motions.

Dated:  June 29, 2020          /s/ HEATHER E. WILLIAMS
                               HEATHER E. WILLIAMS
                               Counsel for Defendant
                               ISRAEL RIVAS-GOMEZ
                               (Authorized by email on June 29, 2020)

Dated:  June 29, 2020          /s/ KEVIN G. LITTLE
                               KEVIN G. LITTLE
                               Counsel for Defendant
                               JOHN DOE aka MARCOS CASTRO
                               (Authorized by email on June 29, 2020)

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **June 30, 2020**          _Dale A. Drozd_
                                   UNITED STATES DISTRICT JUDGE