UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL ALBERTO RIVAS GOMEZ and JOHN DOE, aka "Marcos Castro,"<br><br>Defendants. | No. 1:18-cr-00002-NONE-SKO<br><br>ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR BILL OF PARTICULARS<br><br>(Doc. Nos. 94, 95) |

Before the court is defendant Israel Albert Rivas Gomez's motion to dismiss, or in the alternative, for a bill of particulars, filed on April 6, 2020.  (Doc. No. 94.)  Co-defendant Marcos Castro joins in the motion.  (Doc. No. 95.)  Defendants argue that the two-count indictment in this case, charging them with crimes under the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. § 1959, should be dismissed because the state-law predicates of murder and kidnapping are not sufficiently alleged.  For the reasons explained below, the court will deny the motion to dismiss and the alternative motion seeking a bill of particulars.

**BACKGROUND**

Defendants are charged in a two-count indictment with kidnapping in aid of racketeering and murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1).  (Doc. No. 13.)  The indictment alleges that both defendants Rivas Gomez and Castro are members or associates of

Mara Salvatrucha, or MS-13, and that the charged crimes were committed "for the purpose of gaining entrance to and maintaining and increasing position in" that organization. (*Id*. at 13, 14.) MS-13, in turn, is alleged in the indictment to be "an enterprise engaged in racketeering activity." (*Id*.)

As noted, on April 6, 2020, defendant Rivas Gomez filed a motion to dismiss the two counts of the indictment or, in the alternative, for a bill of particulars. (Doc. No. 94.) On April 7, 2020, defendant Castro joined in that motion. (Doc. No. 95.) They argue that the two counts of the indictment are deficient because the indictment fails to allege that the defendants committed murder and kidnapping as those crimes are generically defined for purposes of VICAR. (Doc. No. 94 at 3, 6, 8–14.) Instead, the defendants contend that references in the indictment to murder and kidnapping under California state law sweep in a broader array of conduct than that contemplated by the generic definitions of those underlying crimes. (*Id*.) According to defendants, because of the broad sweep of the relevant California statutory provisions, the indictment must be dismissed under the categorical approach. (*Id*.)

In their alternative request for a bill of particulars, defendants underscore their belief that Count One, which charges murder under VICAR, inadequately advises them of the charges against them because that count of the indictment does not "identify the specific theory of liability the government intends to use at trial." (Doc. No. 94 at 3.)

Oral arguments were heard on all of defendants' motions.

## LEGAL STANDARD

**A.    Indictments**

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "An indictment that sets forth the offense in the language of the statute itself and contains the necessary factual predicates is sufficient." *United States v. Wilson*, No. 4:11-CR-00010-RRB, 2011 WL 4368436, at *1 (D. Alaska Sept. 13, 2011), *report and recommendation adopted sub nom. United States v. Haynes*, No. 4:11-CR-0010-RRB, 2011 WL 4368538 (D. Alaska Sept. 20, 2011), *aff'd sub nom. United States v. Gadson*, 763 F.3d 1189 (9th Cir. 2014). "[A]n indictment should be: (1) read as a

whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982).

A defendant may move for dismissal of an indictment under Federal Rule of Criminal Procedure 12(b), on grounds including for lack of specificity and failure to state an offense. Fed. R. Crim. P. 12. "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Ely*, 142 F.3d 1113, 1120 (9th Cir. 1997). "An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi,* 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

**B.     Bills of Particulars**

Under Federal Rule of Criminal Procedure 7, a court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.), *amended,* 777 F.2d 543 (9th Cir. 1985). "Generally an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Woodruff,* 50 F.3d 673, 676 (9th Cir.1995), *as amended* (Apr. 19, 1995). Thus, as the undersigned has previously stated it:

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him or her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to protect against double jeopardy should the defendant be prosecuted a second time for the same offense. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir.1991); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir.1984); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.1979).

*United States v. Cadena*, No. CR.S 07-0248 WBS, 2008 WL 2557948, at *1 (E.D. Cal. June 24, 2008).

3

**ANALYSIS**

**A.      Sufficiency of the Indictment**

The indictment in this case sufficiently sets forth the elements of the charged offenses as well as the necessary factual predicates.  The VICAR statute which defendants are charged with violating states in part:

> (a) Whoever, … for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders [or] … kidnaps … in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished ….

18 U.S.C. § 1959(a).

The Ninth Circuit has "identified four elements required for a conviction under this statute: '(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant[ ] committed a violent crime; and (4) that [the defendant] acted for the purpose of promoting [his] position in a racketeering enterprise.' " *United States v. Banks*, 514 F.3d 959, 964 (9th Cir. 2008) (quoting *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995)).  While the statute provides definitions for "racketeering activity" and "enterprise," it does not do so with respect to the enumerated violent crimes, including the underlying crimes charged here.  Instead, as reported in the Congressional Record:

> While section [1959] proscribes murder, kidnaping, maiming, assault with a dangerous weapon, and assault resulting in serious bodily injury in violation of federal or State law, it is intended to apply to these crimes in a *generic sense*, whether or not a particular State has chosen those precise terms for such crimes.

129 CONG. REC. S1, 22,906 (daily ed. Aug. 4, 1983) (emphasis added).

Thus, the definitions implicit in VICAR are "generic."  The Ninth Circuit, as well as other circuits, have found that the generic definitions of crimes are informed by "the Model Penal Code, dictionary definitions, and state laws." *United States v. Vederoff*, 914 F.3d 1238, 1246–47 (9th Cir. 2019) (adopting the generic definition of murder in order to apply the categorical approach in an appeal challenging the career offender sentencing enhancement under U.S.S.G. § 4B1.2(a)).  In this case, both the defendants and the government agree that the recently adopted

generic definition of murder in *Vederoff* applies.  (Doc. Nos. 94 at 10; 114 at 15.)  The parties, however, disagree on the significance the generic definition's application.

In a lengthy, detailed brief, the government argues, in essence, that a plain reading of the VICAR statute and consideration of other relevant factors mean that a VICAR prosecution for a state law predicate first requires proof that the defendant violated the generic definition of the charged crime and then also requires proof that the same conduct constitutes a violation of the particular state statute.  (Doc. No. 114 at 1, 3, 5, 10, 16.)  In other words, a state statute criminalizing murder may sweep in more behavior than the generic definition of murder, but if a state law murder encompasses behavior outside the bounds of the generic definition contemplated in VICAR, that state law murder is not prosecutable under VICAR.  (*Id*. at 14.)  In short, the government's view is that only murders in violation of a state murder statute that also satisfy the generic definition of murder can be prosecuted under VICAR.  (*Id*.)

Defendants, on the other hand, argue that the court should apply the categorical approach that is most often employed retrospectively, e.g. to determine whether a state law conviction may serve as a predicate for a sentencing enhancement.  (Doc. No. 94 at 6.)  According to defendants, if a state statute sweeps in more behavior than the generic definition of the crime contemplated in VICAR, no offense under the state law may ever serve as a VICAR predicate, regardless of the actual conduct in question and despite the fact the determination is not post hoc in the same way. (*Id*. at 6, 12, 14.)

The court is unable to address every argument and conceivable nuance presented by the parties in resolving the pending motion.  However, the court has carefully considered the papers and arguments and concludes that state law predicates may be prosecuted under VICAR, even if the state statute is broader than the generic definition of the underlying crime, so long as the conduct in question also satisfies VICAR's generic definition of the charged offense.  Therefore, the court also concludes that the indictment here sufficiently sets forth the elements of the charged offenses.  The crimes charged are enumerated in the VICAR statute, which implicates the generic definitions of those crimes.  Those crimes are also alleged to be in violation of the specified state statutes.  A plain reading of the VICAR statute compels the conclusion that in so

alleging the indictment is sufficient, and case law supports this conclusion both directly and indirectly. *See, e.g., United States v. Keene*, 955 F.3d 391, 398–99 (4th Cir. 2020) ("Reading the language of the VICAR statute under which the defendants were charged, we conclude that Congress intended for individuals to be convicted of VICAR assault with a dangerous weapon by engaging in conduct that violated both that enumerated federal offense as well as a state law offense, regardless whether the two offenses are a categorical 'match.'"); *United States v. Motta*, Cr. No. 06-00080 SOM, 2009 WL 3460772, at *1 (D. Haw. Oct. 28, 2009) (rejecting the defendant's motion to dismiss the VICAR counts of an indictment as insufficiently alleged); *United States v. Garcia*, No. 11-CR-68-EJL, 2012 WL 6623984, at *8 (D. Idaho Dec. 19, 2012) ("Garcia has not cited any binding authority holding that a sufficient VICAR indictment must additionally set forth all elements underlying violent crime.  To the contrary, most courts addressing the question have concluded that a more generic description in the indictment is sufficient—notwithstanding that the elements of the predicate acts must be proved at trial."); *United States v. Mills*, 378 F. Supp. 3d 563, 576–77 (E.D. Mich. 2019) ("The Court finds that the allegations of murder in aid of racketeering in Counts Eight and Ten are adequate, as the second superseding indictment tracks the statutory language of VICAR and sufficiently sets forth the essential elements that offense."); *see also United States v. Adkins*, 883 F.3d 1207, 1210–11 (9th Cir. 2018) ("In the context of VICAR, we have permitted jury instructions using generic federal definitions. … However, courts, in certain circumstances, should instruct on the state definition or otherwise risk prejudice to the defendant.").

Moreover, it would appear that defendants' proposed reading of the statute would frustrate its purpose and potentially result in contradictory and uneven application.  Finally, the court is not persuaded by the cases cited by the defendants:  one was reversed upon review of an interlocutory appeal (*United States v. Anthony*, 401 F. Supp. 3d 720 (W.D. Va. 2019), *rev'd and remanded sub nom. United States v. Keene*, 955 F.3d 391 (4th Cir. 2020)) and the other was not reviewed by the appellate court because the defendant pled guilty after one of the VICAR predicates was dismissed (*United States v. Ibarra*, No. 17-cr-0411 AJB, 2018 WL 620185, at *2 (S.D. Cal. Jan. 29, 2018)).  (Doc. No. 114 at 4–5.)  Finally, the court will address defendants' citation to *Taylor*

*v. United States*, 495 U.S. 575 (1990) and its progeny.  (Doc. No. 94 at 3.)  *Taylor* is instructive with respect to the reasoning giving rise to use of the categorical approach in certain situations, such as consideration of sentencing enhancements.  495 U.S. at 601–02.  However, as the Fourth Circuit in *Keene* summarized:

> The Court in *Taylor* identified two sources of "practical difficulties and potential unfairness" that would result if courts examined a defendant's underlying conduct rather than the elements of the offense of which he was convicted.  *Id.* at 601, 110 S. Ct. 2143.  Enhancing a defendant's sentence based on a judge's assessment of the defendant's prior criminal conduct would implicate his right to a jury trial and raise "serious Sixth Amendment concerns."  *Descamps*, 570 U.S. at 269, 133 S. Ct. 2276; *Taylor*, 495 U.S. at 601, 110 S. Ct. 2143.  And such a conduct-based approach ordinarily would require sentencing courts to examine old court documents, which may be inaccurate or incomplete, to determine the factual basis for a defendant's prior conviction.

955 F.3d at 395–96.  Notably, those concerns are not present in a VICAR prosecution such as this one.

For the foregoing reasons, defendants' motion to dismiss the two counts of the indictment will be denied.

**B.    Bill of Particulars**

The court turns to defendants' alternative motion for a bill of particulars.  Defendants' request the following information in relation to the murder charge alleged in Count One of the Indictment: "(1) whether the government is alleging [defendant] acted as a principal or an aider and abettor[1]; (2) whether the government is alleging [defendant] committed first-degree or

/////

/////

/////

---

[1]  "[T]he elements necessary to convict an individual as a traditional principal [ ] differ from the elements necessary to show the individual aided and abetted that crime, ... but this difference does not prevent aiding and abetting from being implied in every indictment for a substantive offense.  The difference between causing and aiding and abetting alone, therefore, does not prevent either or both theories from being implied in an indictment."  *United States v. Armstrong*, 909 F.2d 1238, 1242 (9th Cir. 1990).

second-degree murder[2]; and (3) if the government is relying on the felony-murder rule, what specific felony the government intends to prove as the predicate offense." (Doc. No. 94 at 14.)

Above, the court has concluded that the indictment is sufficient. The indictment sets out the elements of the charged offenses and contains the necessary factual predicates. *Wilson*, 2011 WL 4368436, at *1. Further, "[i]n the Ninth Circuit '[t]he use of a "bare bones" information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished'." *Woodruff*, 50 F.3d at 676 (quoting *United States v. Crow,* 824 F.2d 761, 762 (9th Cir.1987)). It appears that the indictment sufficiently informs the defendants of the nature of the charges against them with sufficient precision to enable them to prepare for trial. Therefore, defendants' alternative motion for a bill of particulars will also be denied without prejudice to the bringing of a more fully briefed motion for bill of particulars before the magistrate judge. *See* Local Rule 302(b)(1) .

## CONCLUSION

For the above reasons, defendants' motion to dismiss or, in the alternative, for a bill of particulars (Doc. Nos. 94, 95) is DENIED.

IT IS SO ORDERED.

Dated:  **February 8, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[2] "Both first- and second-degree murder constitute crimes of violence." *United States v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds on reh'g en banc*, 673 F.3d 1038 (9th Cir. 2011). The VICAR statute "is not restricted to first or second degree murder. Accordingly, inasmuch as the charged offense's elements are concerned, whether" a jury finds the defendant "guilty of second or first degree murder," the defendant "violated 18 U.S.C. § 1959(a)(1)." *Owens v. United States*, 236 F. Supp. 2d 122, 138 (D. Mass. 2002), *aff'd in part, rev'd in part and remanded*, 483 F.3d 48 (1st Cir. 2007).