PHILLIP A. TALBERT
Acting United States Attorney
ROSS PEARSON
MELANIE L. ALSWORTH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00002-NONE |
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER; ORDER |
| v. | |
| ISRAEL RIVAS-GOMEZ AND JOHN DOE, AKA MARCOS CASTRO, | |
| Defendants . | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

2. Defendants Israel Rivas-Gomez and Marcos Castro are charged with two counts in a case arising out of a years-long investigation into the MS-13 enterprise in Mendota, California, and elsewhere. During the investigation, law enforcement conducted several custodial interviews of suspected MS-13 members. Without conceding that any rule of discovery requires production of these interviews, the United States intends to disclose these interviews to counsel for Rivas-Gomez and Castro prior to trial in this case. However, the content of these interviews, if disclosed to the defendants

individually or further disseminated to other MS-13 members, could place certain individuals at risk of harm to the extent it appears that they cooperated with law enforcement.

3. By signing this Stipulation and Protective Order, Defense Counsel agree not to share the interview reports with anyone other than designated defense investigators and support staff. Defense Counsel may discuss the contents of the interview reports and any accompanying summary translations with the defendants but will not identify the identity of the speaker. The parties agree that Defense Counsel, defense investigators and support staff shall not allow the defendants to copy such information.

4. The interview reports provided may only be used in connection with the litigation of this case and for no other purpose. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If Defense Counsel wishes to maintain the Protected Materials in the Defense Team's files beyond final disposition of the case, Defense Counsel may seek modification of this provision from the Court.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Defense Counsel shall be responsible for advising his or her respective client, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

7. In the event that the defendant substitutes counsel, undersigned Defense Counsel agree to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

IT IS SO STIPULATED.

Dated: October 18, 2021           PHILLIP A. TALBERT
                                  Acting United States Attorney

                                  /s/ ROSS PEARSON
                                  ROSS PEARSON
                                  Assistant United States Attorney

| | |
|---|---|
| Dated: October 18, 2021 | /s/ HEATHER WILLIAMS<br>HEATHER WILLIAMS<br>Counsel for Defendant<br>ISRAEL RIVAS-GOMEZ<br>(Authorized by email on October 18, 2021) |
| Dated: October 18, 2021 | /s/ KEVIN LITTLE<br>KEVIN LITTLE<br>Counsel for Defendant<br>MARCOS CASTRO<br>(Authorized by email on October 18, 2021) |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **October 19, 2021**

_____
UNITED STATES DISTRICT JUDGE