UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case №: 1:18-CR-00002-NONE-SKO |
| ) | |
| Plaintiff, ) | **ORDER DENYING REQUEST TO SEAL** |
| ) | **DOCUMENTS** |
| vs. ) | **(Doc. 428)** |
| ) | |
| ISRAEL ALBERTO RIVAS GOMEZ: ) | |
| JOHN DOE aka "Marcos Castro," ) | |
| ) | |
| Defendants. ) | |
| ) | |

Yesterday, the Court denied in part Mr. Castro's request to seal documents (Doc. 420). In doing so, it reviewed each of his motions in limine and granted the request to seal motion in limine number 29. The Court denied the request as to the other motions because the Court found no basis to seal them, and Mr. Castro provided no explanation why he believed they should be sealed. The Court declined to review the more than 900 pages of exhibits to guess at which of the documents, or which parts of the documents, Mr. Castro believed should be sealed.

It was very plain to the Court that Mr. Castro either expected the Court to read through each of the pages for him and speculate as to which material Mr. Castro felt should be sealed and to also formulate the legal justification for it or to seal everything without regard for the legal standards. Thus, the Court denied the request without

prejudice to Mr. Castro refiling the request with the specific material he wished to be sealed highlighted and providing explanation for doing so.

Mr. Castro has now filed his renewed request (Doc. 427). He states that the motions should be sealed because the exhibits supporting them contain material that should be sealed. This circular reasoning is not supported by law. There must be legal justification for sealing each document, not merely justification for sealing the material upon which it relies. Likewise, if redaction can occur to eliminate the need for sealing, *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon,* 920 F.2d 1462 (9th Cir. 1990), requires redaction rather than sealing.

As to exhibits A and B, the Court agrees that the reports of the experts should be sealed, but there is no justification to seal their CVs. The Court sees no reason to seal the Ms. Castro's entire deposition transcript (Exhibit C). If there are portions that should be sealed, the Court doesn't see them, and Mr. Castro has failed to point them out.

The Court agrees that Exhibit D should be sealed, because there is no practical way to redact the document. As to Exhibit E, most of the declaration can be filed on the public, with some key redactions in the sixth and seventh paragraphs (the paragraphs beginning "In January 2014 . . ." and "After I was . . . "). Skimming through Exhibit F, the Court has not been pointed to the material that Mr. Castro believes must be redacted, and the Court lacks the time to do Mr. Castro's work for him.

As to Exhibit G, after skimming the document, it appears that much of the document should not be sealed. Exhibit H appears to relate to Mr. Castro's acts while in the jail. The Court can guess at why he believes this document should be sealed but, that is simply not the Court's obligation or, indeed, its right, to do.[1] Exhibit I has not been provided to the Court, so it cannot evaluate it. The Court sees no justification for sealing Exhibit J. the Court agrees that the photos of the decedent, Exhibit K, should be sealed.

---

[1] The Court recognizes what these documents are but is uncertain whether Mr. Castro is suggesting he is asserting an evidentiary privilege, they raise privacy issues or something else. He must explain rather than attempting to force the Court to guess.

To the extent that Exhibits L, N and O should be sealed, Mr. Castro must explain why they cannot be redacted and redacted copies filed. Finally, the Court agrees that Exhibit M should be sealed.

As to the material to be sealed, the Court finds that for the reasons stated in the defendant's request, sealing serves a compelling interest and there are no additional alternatives to sealing that would adequately protect the compelling interests identified by the defendant in his request.

Mr. Little asserts that he lacks the time to redact the documents, because, in part, this would include a meet-and-confer process. However, the Court does not suggest that is what is required. Rather, he must look through the exhibits he proposes to be sealed and point out to the Court why the entire document must be sealed with citations to specific legal authority supporting that claim, or he must explain why redaction cannot occur such to obviate the need to seal the entire document. Finally, he seems to suggest that he is being held to a different standard.[2]  However, until now, the parties have either agreed that documents should be sealed, or the filings have demonstrated independently that they should be sealed.  Consequently, the Court **ORDERS:**

1. The request to file under seal is **GRANTED in PART** and **DENIED in PART** as follows:

   A. As to Exhibits A and B, only the reports may be filed under seal. The request as to the remainder of these exhibits is **DENIED**.

   B. As to Exhibit C, the request is **DENIED without prejudice**.[3]

   C. As to Exhibit D, the request is **GRANTED**.

---

[2] Likewise, the Court does not understand Mr. Little's claim that the Court denied the requests without seeing the motions. As noted in the previous order, the Court received a lodged copy of the motions and exhibits and reviewed them before issuing its order.

[3] If Mr. Castro chooses to again make a request to seal the remaining documents, he **SHALL** demonstrate why each document should be sealed entirely and demonstrate why they cannot be redacted such to make sealing unnecessary. Otherwise, he **SHALL** lodge the documents with proposed redactions. Failing to comply will result in the Court denying the request summarily. It will not again expend is extremely limited resources doing the work for Mr. Castro.

   D. As to Exhibits E through Exhibit J, the request is **DENIED without prejudice**.

   E. As to Exhibit K, the request is **GRANTED**.

   F. As to Exhibits L, N and O, the request is **DENIED without prejudice**.

   G. As to Exhibit M, the request is **GRANTED**.

   H. As previously ordered, the request as to motion in limine 29 is **GRANTED**, but the request is **DENIED** as to the remaining motions.

  2. The documents to be sealed **SHALL** be provided electronically to ApprovedSealed@caed.uscourts.gov.

IT IS SO ORDERED.

 Dated: __May 17, 2022__        _/s/ Jennifer L. Thurston_
                   UNITED STATES DISTRICT JUDGE