UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-cr-00002-JLT-SKO |
| Plaintiff, | <u>ORDER RE MOTIONS IN LIMINE</u> |
| v. | (Docs. 435, 517, 518) |
| ISRAEL ALBERTO RIVAS GOMEZ and JOHN DOE aka "MARCOS CASTRO", | |
| Defendants. | |

**INTRODUCTION**

Defendants Israel Alberto Rivas Gomez and John Doe aka "Marcos Castro" ("Castro"), as well as the government, have submitted numerous trial-related motions for resolution. For the reasons discussed on the record and set forth below, the Court rules on each of the pending motions as follows.

**MOTIONS**

**A.     Government Motion to Preclude Marcos Castro from Introducing Competing Translations at Trial (Doc. 517)**

During voir dire, Defendant Castro expressed intention to challenge the Spanish-to-English translations of his interrogation statements that the government plans to introduce at trial. The Court ordered Castro to identify the challenged portions of the translations before June 6,

1

2022—one week before witness testimony was set to begin. The government contends that Castro failed to identify the challenged translations by the Court-ordered deadline and should therefore be precluded from introducing competing translations at trial. (Doc. 517.) The government further notes that Castro has not identified a competing translation expert. At the June 13, 2022 pre-trial hearing on this matter, Castro confirmed that he had not yet identified an expert or which specific portions of the translations that he seeks to challenge.

Castro argues that his failure to identify challenged translations is the result of the government not providing verbatim Spanish transcripts of Castro's interrogation statements. Castro contends that the English-only translations provided by the government are insufficient for translation comparison purposes. This argument is unavailing. Castro provides no authority requiring the government to provide Spanish-only verbatim transcripts in addition to English translations of an interrogation conducted in Spanish. Further, the government provided Castro's counsel with videos of Castro's interrogation statements approximately four years ago, and Castro has been in possession of the government's written English translations for at least six months. (Doc. 517 at 2.) Castro has not explained his failure to identify challenged portions of the transcripts, particularly in light of the fact that he has already used the provided videos to create his own English-language translations of the interrogations.

Castro has had "abundant time to review the [government's] English-language transcript," and the Court provided defendants a reasonable opportunity to "submit competing translations of *disputed* passages." *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (emphasis added). Without Castro's submission of targeted challenges, the Court cannot conclude that he has placed the accuracy of the government's transcripts at issue. *Id*. As such, Castro is precluded from introducing competing translations of his interrogations at trial.

**B.     Government Motion to Preclude References to Charging Decisions (Doc. 518)**

At least five people participated in the kidnapping and murder of the victim in this case. Castro and Rivas Gomez have been charged federally, one other defendant has been charged in state court, and the last two participants have not been charged. (Doc. 518 at 2.) The government argues that Castro and Rivas Gomez should be prevented from informing the jury of the

participants that have not been charged federally, because the charging decisions with respect to those participants are irrelevant to this case.[1]

Castro counters that one of the government's own witnesses was "likely involved" in A.R.'s murder such that the jury should be informed about any leniency that witness received in exchange for his testimony. (Doc. 527 at 3.) Castro is correct that if the government calls a co-participant as a witness, defense counsel is entitled to elicit questions from that witness regarding what benefits, if any, the witness received from the government in exchange for his testimony. *Giglio v. United States*, 405 U.S. 150, 154–55 (a co-conspirator's "credibility as a witness was [] an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it.")

Castro further argues that he should be permitted to present evidence of selective prosecution, including the existence of uncharged participants who are not called as witnesses in this case. (Doc. 527 at 3–4.) In the Ninth Circuit, a selective prosecution defense requires a showing that (1) others generally are not prosecuted for the same conduct and (2) the decision to prosecute this defendant was based upon impermissible grounds such as race, religion or exercise of constitutional rights. *See United States v. Alisal Water Corp.*, 114 F.Supp.2d 927, 936 (citing *Church of Scientology v. Commissioner of Internal Revenue*, 823 F.2d 1310, 1321 (9th Cir. 1987)); *see also United States v. Armstrong*, 48 F.3d 1508, 1513 (9th Cir. 1995); *Wayte v. United States*, 470 U.S. 598, 608 (1985). Castro has not, thus far, indicated how race, religion or the exercise of constitutional rights is implicated in this case. Castro is therefore barred from asserting a selective prosecution defense until he makes the requisite showing.

On the other hand, even if this foundational showing can be made, this question is one for the Court not for the jury. *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("If impermissible selective prosecution is demonstrated, the indictment itself is fatally defective

---

[1] The government claims good cause for filing this motion after the deadline because both defendants have recently suggested that they may seek to reveal the existence of participants in A.R.'s kidnapping and murder that have not been charged federally. *See, e.g.*, Rivas Gomez Proposed Jury Instruction 7, (Doc. 474 at 12) ("Disposition of Charge or Charges Against Possible Criminal Participants"); Castro Objections to United States' Voir Dire, (Doc. 489 at 3) (calling it a "significant fact" that other persons "are not charged with this offense at all").

regardless of any evidence proving guilt. A selective prosecution claim is therefore a question of law properly determined only by the Court, and may not be argued before the fact-finders."); *U.S. v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (The Supreme Court has observed that a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."); *United States v. Armstrong*, 517 U.S. 456, ----, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996). Because it involves a "defect in the institution of the prosecution," the selective prosecution defense is an issue for the court rather than the jury. *See, e.g., United States v. Jones*, 52 F.3d 924, 927 (11th Cir.), *cert. denied*, 516 U.S. 902, 116 S.Ct. 265, 133 L.Ed.2d 187 (1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C.Cir. 1983) (citing Fed.R.Crim.P. 12(b)(1)). Consequently, the motion is **GRANTED**, and Mr. Castro is precluded from offering evidence or argument that to the jury that the government engaged in selective prosecution

**C.      Government Motion to Admit Co-Conspirator Statements (Doc. 435)**

The government previously moved to admit testimony from a cooperating witness regarding the witness's conversation with a high-ranking member of MS-13 related to A.R.'s kidnapping and murder. (Doc. 435.) If allowed, the witness would testify to the contents of that conversation, including statements made by the high-ranking gang member. At trial, the government announced that it no longer intends to introduce testimony regarding the contents of the conversation. As such, the motion is **DENIED AS MOOT** as to this specific testimony.

The cooperating witness now intends to testify regarding Rivas Gomez's presence at an MS-13 meeting more than a year prior to A.R.'s murder. According to the government, the witness will testify that this meeting was only attended by MS-13 members of a certain rank and included discussion of how to advance from "chequeo" to "homeboy" status within the gang. Defense counsel objects to this testimony on the grounds that it includes inadmissible hearsay.

To the extent that the witness's testimony about what he heard at this meeting is offered for reasons other than the truth of the matters asserted, it is not hearsay. Fed. R. Ev. 801(c). Testimony about the contents of the meeting may, for example, provide evidence regarding Rivas Gomez's knowledge of MS-13's structure and mission. *See United States v. Christensen*, 828

4

F.3d 763, 780 (9th Cir. 2015) (the government must show a defendant's knowledge of the enterprise's nature). Evidence of Rivas Gomez's attendance at this meeting is also relevant to his membership in the gang, which may have impacted his motive. *See also United States v. Lloyd*, 71 F.3d 1256, 1265–66 (7th Cir.1995) (upholding admission of evidence showing gang affiliation where it was used, in part, to explain the defendant's motivation for possessing a firearm).

Further, co-conspirator statements are admissible so long as they were made in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987). To be "in furtherance" of the conspiracy, the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. *United States v. Layton*, 720 F.2d 548, 556 (9th Cir. 1983). To the extent that one of MS-13's objectives is killing rivals, for example, co-conspirator statements planning such killings would be admissible under Rule 801(d)(2)(E). *United States v. Perez-Vasquez*, 6 F.4th 180, 187 (1st Cir. 2021), *cert. denied sub nom. Enamorado v. United States*, 142 S. Ct. 1211 (2022) (finding that "MS-13 has defined its primary mission as killing rivals.") Statements made to keep co-conspirators abreast of the ongoing conspiracy's activities also satisfy the "in furtherance of" requirement. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015).

The government's motion to admit co-conspirator statements is hereby **GRANTED** subject to the Court's determination at trial that specific statements are either not hearsay or were in furtherance of the operative conspiracy.

**CONCLUSION**

1. The government's motion to preclude Marcos Castro from introducing competing English translations of his interrogation statements (Doc. 517) is **GRANTED**.
2. The government's motion to preclude references to uncharged defendants (Doc. 518) is **GRANTED IN PART**.

///

///

///

///

3. The government's motion to admit co-conspirator statements (Doc. 435) is **GRANTED.**

IT IS SO ORDERED.

Dated: **June 21, 2022**

_____
UNITED STATES DISTRICT JUDGE