UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL ALBERTO RIVAS GOMEZ and JOHN DOE aka "MARCOS CASTRO",<br><br>Defendants. | No. 1:18-cr-00002-JLT-SKO<br><br>ORDER DENYING RIVAS GOMEZ'S RENEWED MOTION TO SEVER; ORDER ADJOURNING TRIAL UNTIL JULY 25, 2022<br><br>(Doc 570) |

**I.  BACKGROUND**

Mr. Rivas Gomez previously moved the Court to sever his trial from the codefendant. The argument at that time, at least in part, concerned the impact of the codefendant's statements. Likewise, the codefendant moved to sever the trials based upon the prejudice he would suffer, in part, due to the shock value of the crime scene and autopsy photos that would be introduced. To ameliorate these concerns, the government sanitized the evidence related to each defendant's statements, and the Court limited the number of crime scene photos that could be introduced. Mr. Rivas Gomez now seeks to renew his motion to sever based upon the recent illness of Mr. Castro. For the reasons set forth below, the motion is **DENIED**.

**II.  Analysis**

Having received the benefit of the "sanitation efforts" described above and the limitation

1

on the number of crime scene and autopsy photos presented, Mr. Rivas Gomez seeks to sever his trial based upon the short delay attendant to Mr. Castro's recent illness. He offers no claim that the five-day delay would prejudice his case. Rather, he expresses concern only that jury members may not be able to continue to serve and a concern over the inconvenience the jury members will suffer by an extended trail.  Though valid, neither concern supports that the motion should be granted.

    First, as pointed out by the government (Doc. 572), there are four alternate jurors still serving. Thus, even if individual jury members can no longer serve, there are sufficient resources to continue the trial with jurors who have served since the beginning of the trial.

    Second, the government is nearly concluded with its case-in-chief and severance would require a mistrial in Mr. Castro's case. This would deprive him of a verdict from the jury of his choosing. *Arizona v. Washington*, 434 U.S. 497, 504 (1978). Third, in fairness, severing now would require the Court to allow the government an opportunity to seek to recall witnesses and/or introduce additional evidence, which had been precluded by the earlier denials of the severance motions. If granted, this would extend the completion of the government's case and the time the jury members would be required to serve.

    Finally, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).  Because there is no claim by Mr. Rivas Gomez that *he* or *his case* will suffer prejudice caused by the delay, Federal Rule of Evidence 14 does not favor severance. As noted by the government (Doc. 572 at 2), the alternative to severance is the short delay caused by a limited adjournment. Thus, the Court **ORDERS**:

    1.    Mr. Rivas Gomez's renewed motion to sever the trial (Doc. 570) is **DENIED**.

///

///

///

///

2. The trial is adjourned[1] until July 25, 2022 at 8:00 a.m.

IT IS SO ORDERED.

Dated:   **July 7, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] The Court strongly urges counsel to be more efficient in their presentation of their evidence. The Court has been overly generous in allowing the time the attorneys have taken. However, if each counsel were honest with themselves, they would admit that each has engaged in unnecessary repetition of evidence, which has extended the trial much longer than was needed. The Court has not interjected itself into this conduct—before now—because each attorney on this case is highly skilled and should be aware of the impact of this conduct on the attentiveness of the jury and the overall effectiveness of the evidence they present. **However, each attorney SHALL redouble their efforts to present the evidence they need from the proper witness and without continuing to re-plow ground covered previously with the same or earlier witnesses. The adjournment of this trial is not an invitation to "remind" the jury of the evidence adduced over the last few weeks. That can be done in closing argument. Failure to conform their conduct to this order, will result in the Court imposing time limits on witnesses and taking a more proactive role in moving the trial to completion.**

3